SYY/427752                                                                              8303-1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL OLSKI, )<br><br>                   Plaintiff, )<br><br> v. )<br><br> GPM TECHNOLOGIES, LTD., THOMAS GALZIN )<br> and MARY JO GALZIN, )<br><br>                   Defendants. ) | No.  FILED: MARCH 21, 2008<br> 08CV1671          TC<br> JUDGE LEINENWEBER<br> MAGISTRATE JUDGE SCHENKIER |

## COMPLAINT

Plaintiff, Michael Olski, by and through his attorneys, Tressler, Soderstrom, Maloney & Priess, LLP, for his Complaint against Defendants GPM Technologies, Ltd., Thomas Galzin and Mary Jo Galzin alleges as follows:

## INTRODUCTION

1.    This action asserts claims for breach of contract, breach of fiduciary duties, fraud/misrepresentation, shareholder oppression under 805 ILCS 5/12.56, unjust enrichment, conversion, accounting, and contribution.  Plaintiff asserts these claims as a result of Thomas Galzin's breach of his duties as the President and majority shareholder of GPM Technologies, Ltd. ("GPM") and other unlawful and improper actions taken by Thomas Galzin as they relate to the operation of GPM Technologies, Ltd.  Plaintiff seeks the full extent of relief available to him under the law and an award of compensatory damages, punitive damages, disgorgement, prejudgment interest, attorneys' fees, costs of this action, and for such other relief as to this Court may deem just, proper and equitable.

## PARTIES

2.      Plaintiff Michael Olski is a citizen of Wisconsin and resides in the State of Wisconsin, Oconto County.

3.      Defendant GPM Technologies, Ltd. ("GPM") was an Illinois corporation and had its principal place of business in West Chicago, Illinois.

4.      Defendant Thomas Galzin is a citizen of Illinois and resides in this judicial district in St. Charles, Illinois.

5.      Defendant Mary Jo Galzin is a citizen of Illinois and resides in this judicial district in St. Charles, Illinois.

## SUBJECT MATTER JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) and Section 1367 because Defendants are citizens of a different state than Plaintiff and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  The Court has personal jurisdiction over Defendants because Defendants are citizens of Illinois and Plaintiff is a citizen of Wisconsin.

7.      Venue in this action lies within this Court pursuant to 28 U.S.C. §§ 1391 as it is where Defendants reside, is where the events, acts or omissions giving rise to the claim occurred, and where Defendants are subject to personal jurisdiction.

## BACKGROUND

8.      GPM was incorporated in 1986 in the State of Illinois.  GPM was in the business of providing various industrial machinery and equipment including separation and packaging machinery and equipment.  At all times Thomas Galvin served as its President and owned a majority of GPM's shares.

9.    As the president and majority shareholder, Thomas Galzin maintained control of GPM and made GPM corporate decisions throughout GPM's years of operation.

10.    On July 24, 1998, GPM and Plaintiff entered into a shareholder agreement ("Shareholder Agreement") in which Plaintiff was provided with an opportunity to become a shareholder in GPM under certain terms and conditions.  One of the terms of the Shareholder Agreement provided that if Plaintiff was terminated for cause from GPM while owning shares of GPM stock, Thomas Galzin may purchase the shares owned by Plaintiff and if he did not, then the Shareholder Agreement required GPM to purchase Plaintiff's shares in GPM.

11.    In or around 1998, Plaintiff became a shareholder in GPM. Plaintiff owned 200 shares of GPM stock, equaling 20% ownership of GPM shares.

12.    On November 6, 2003 due to financial difficulties caused by Thomas Galzin's improprieties, GPM was forced to take out a U.S. Small Business Administration loan from Old Second National Bank in the amount of $650,000.  As a result of Thomas Galzin's demand that Plaintiff personally guarantee the loan, Thomas Galzin and Plaintiff executed personal guarantees on the Note.  As further security for said loan, Thomas Galzin and his wife, Mary Jo Galzin, executed a mortgage to Old Second National Bank.  Plaintiff and his wife, Holly Radke, also executed a mortgage to Old Second National Bank as security for the loan.

13.    At a time when GPM owed its primary vendor, Shoda Iron Works, a substantial amount of money, Thomas Galzin bought a new BMW automobile.  This eventually led to Shoda Iron Works terminating its relationship with GPM, which was a key factor in GPM's downfall.

3

14.     On August 15, 2005, Plaintiff was terminated with cause from GPM. After Plaintiff was terminated with cause from GPM, neither Thomas Galzin nor GPM purchased shares of GPM owned by Plaintiff as required by the Shareholder Agreement.

15.     In December 2005, GPM was voluntarily dissolved.

16.     GPM subsequently defaulted on the loan.

17.     On January 9, 2006, Mary Jo Galzin allegedly paid off the loan to Old Second National Bank and Old Second National Bank allegedly assigned Plaintiff's mortgage to Mary Jo Galzin.

18.     On February 5, 2008, Mary Jo Galzin filed suit in the Circuit Court of Oconto County, Wisconsin, against Plaintiff and his wife seeking a money judgment against Plaintiff and foreclosure on Plaintiff's mortgage based on Plaintiff's personal guaranty on the Note. Thomas Galzin was not named in the suit.

## THOMAS GALZIN'S UNLAWFUL PRACTICES

19.     Upon information and belief, while acting as the President and majority shareholder of GPM, Thomas Galzin misappropriated GPM assets for his and his family's personal use, including but not limited to the following improper actions:

   a.     Thomas Galzin used GPM assets to purchase a personal vehicle for the Galzins' son;

   b.     Thomas Galzin used GPM assets to pay for the Galzins' son's college tuition;

   c.     Thomas Galzin withdrew funds from GPM for his own and his family's personal use;

4

    d.    Thomas Galzin was having GPM pay for the insurance for his family's personal automobiles; and

    e.    the Galzins received millwork in their home in exchange for GPM providing company services to a customer.

20.    Upon information and belief, while acting as the President and majority shareholder of GPM, Thomas Galzin misrepresented to Old Second Bank and Plaintiff that some of GPM assets were sold for less than the actual amount he received for them.

21.    Upon information and belief, while acting as the President and majority shareholder of GPM, Thomas Galzin withheld funds from employee pay for employee 401k accounts, but did not apply the funds to employee 401k accounts.

## COUNT I
### (Breach Of Fiduciary Duties Against Thomas Galzin)

22.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23.    As the President and majority shareholder of GPM, which was an Illinois closely held corporation, Thomas Galzin owed a fiduciary duty to Plaintiff.

24.    Thomas Galzin's fiduciary duty to Plaintiff included the following:

    a.    to make full and fair disclosure of all material facts regarding GPM's operations, including company financial information;

    b.    to provide GPM's financial information to Plaintiff;

    c.    to operate GPM without misappropriating GPM funds for personal use; and

    d.    to properly fund Plaintiff's 401k accounts.

25.     Thomas Galzin breached his fiduciary duties to Plaintiff by failing to disclose the material facts described above, by diverting and misappropriating GPM assets, monies and resources for his personal benefit, by not properly funding Plaintiff's 401k accounts, by failing to declare dividends, failing to provide Plaintiff with all of the books and records of the corporation, failing to accurately account for the profits of the corporation, and failing to maintain adequate books and records for the corporation.

26.     As a proximate result of these breaches of fiduciary duties, Plaintiff has been damaged.

27.     Thomas Galzin acted willfully and maliciously, thereby entitling Plaintiff to punitive damages.

## COUNT II
### (Conversion Against Thomas Galzin)

28.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.     By obtaining assets, monies and resources belonging to GPM, Thomas Galzin improperly and unlawfully converted those assets, monies and resources for his own use.

30.     GPM had an unqualified and immediate right to possession of those assets, monies and resources.

31.     Thomas Galzin knew or should have known that his misappropriation was wrongful and without authorization.

## COUNT III
### (Fraud/Misrepresentation Against Thomas Galzin)

32.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.   Thomas Galzin covered up his misappropriation of GPM's funds when preparing and in assisting with the preparation of the financial reports to Old Second National Bank.

34.   Thomas Galzin misrepresented to Old Second Bank and Plaintiff that some of GPM's assets were sold for less than the actual amount he received for them. Thomas Galzin misrepresented to Plaintiff regarding how GPM funds were being used. Thomas Galzin misrepresented to Plaintiff that GPM employee 401k accounts were properly funded.

35.   Thomas Galzin fraudulently conveyed property and assets belonging to GPM for his own personal use.

36.   Plaintiff detrimentally relied on Thomas Galzin's fraudulent conduct. For example, Plaintiff based his decision to agree to the guarantee to Old Second National Bank on the accuracy of the financial statements presented to the bank. Plaintiff was unaware that Thomas Galzin had misappropriated funds belonging to GPM and had prepared fraudulent financial information regarding GPM to the bank.

37.   As a result of said fraudulent activities, Plaintiff has been damaged.

**COUNT IV**
**(Unjust Enrichment Against Thomas Galzin And Mary Jo Galzin)**

38.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.   By engaging in unlawful and improper activities as the President and majority shareholder of GPM, Thomas Galzin improperly received money and benefits including the usage of GPM corporate funds and corporate property for personal purposes to the detriment of Plaintiff.

40.　　As the spouse of Thomas Galzin and titleholder to the Galzins' house, Mary Jo Galzin improperly received benefits including the usage of GPM corporate funds for personal purposes to the detriment of Plaintiff.

## COUNT V
**(Oppression Of Plaintiff Shareholder By Defendant Thomas Galzin)**

41.　　Plaintiff adopts and incorporates by reference all allegations contained in paragraphs 1 though 40 above.

42.　　Upon information and belief, as the person in control of GPM, Thomas Galzin acted in a manner oppressive to Plaintiff, a shareholder in GPM by engaging in arbitrary, overbearing, and heavy-handed conduct, including, but not limited to the following:

a.　　misappropriating funds and assets from the corporation;

b.　　withholding financial statements and other corporation information from Plaintiff;

c.　　failing to respond to Plaintiff's demand to examine the books and records of the corporation;

d.　　failing to maintain accurate corporate books and records and failing to hold appropriate corporate meetings, keep appropriate minutes and give appropriate notices;

e.　　granting himself excessive compensation, perquisites, and expenses from the corporation;

f.　　using the resources and assets of the corporation for his and his family's personal benefit;

g.　　mismanaging the affairs of the corporation, misapplying and wasting its assets; and

h.    failing to pay dividends to shareholders.

## COUNT VI
### (Breach Of Contract Against GPM)

43.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.    The Shareholder Agreement between GPM and Plaintiff is a valid and enforceable contract.

45.    GPM breached the Shareholder Agreement by failing to purchase shares of GPM stock owned by Plaintiff after Plaintiff was terminated for cause as required by the Shareholder Agreement.

46.    As a direct and proximate result of GPM's breach of the Shareholder Agreement, Plaintiff has incurred significant damages, including, but not limited to the loss of the amount to which he was entitled as set forth in the Shareholder Agreement.

## COUNT VII
### (Accounting Against GPM And Thomas Galzin)

47.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48.    As a consequence of Thomas Galzin's breach of fiduciary duties, fraud/misrepresentation, unjust enrichment, conversion, and other unlawful acts, Plaintiff is entitled to an accounting from Thomas Galzin for all gains, profits and advantages derived by him and/or his family from his operation and dissolution of GPM, along with other unlawful activities, and upon such an accounting, that Thomas Galzin pay over to Plaintiff damages and/or all such sums derived by way of profits from all such unlawful activities.

49.    As a consequence of GPM's breach of contract and Thomas Galzin's breach of fiduciary duties, fraud/misrepresentation, unjust enrichment, conversion, and other unlawful acts,

Plaintiff is entitled to an accounting from GPM for all gains, profits and advantages derived by GPM and Thomas Galzin and/or his family from Thomas Galzin's operation and dissolution of GPM, along with other unlawful activities, and upon such an accounting, that GPM pay over to Plaintiff damages and/or all such sums derived by way of profits to Thomas Galzin or GPM from all such unlawful activities.

50.     As a result of his fraudulent conduct Thomas Galzin obtained assets, monies and resources received directly or indirectly in furtherance of his scheme to defraud and otherwise injure GPM and Plaintiff which properly belonged to GPM and Plaintiff.

51.     In equity, Thomas Galzin should not be entitled to retain the assets, monies and resources or other advantage he received as a result of his fraudulent conduct.

## COUNT VIII
### (Contribution Against Thomas Galzin)

52.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53.     A lawsuit is pending against Plaintiff in the Circuit Court of Oconto County, Wisconsin wherein Mary Jo Galzin seeks a money judgment against Plaintiff and foreclosure on Plaintiff's house based on Plaintiff's personal guaranty on the loan.

54.     Thomas Galzin, as the co-guarantor of the loan, is liable to contribute to Plaintiff his proportionate share of any amount allegedly owed by Plaintiff to Mary Jo Galzin on any claim based on Plaintiff's personal guaranty.

## JURY DEMAND

Plaintiff demands trial by jury.

## **PRAYER FOR RELIEF AS TO ALL COUNTS**

WHEREFORE, Plaintiff Michael Olski respectfully requests that this Court enter judgment in his favor and against Defendants GPM Technologies, Ltd., Thomas Galzin, and Mary Jo Galzin for the amount of damages to be proven at trial, plus punitive damages against Thomas Galzin, disgorgement, prejudgment interest, attorneys' fees, costs and for such further relief as this Court deems just and appropriate.

MICHAEL OLSKI


By:   /s/James K. Borcia
　　　　　　　One of His Attorneys

James K. Borcia
Bill Katris
Si-Yong Yi
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL OLSKI,                            )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )  No.
                                          )
GPM TECHNOLOGIES, LTD., THOMAS GALZIN     )
and MARY JO GALZIN,                       )
                                          )
                    Defendants.           )

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2008, I electronically filed a **Complaint** with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

GPM Technologies, Ltd.               Thomas Galzin
c/o Thomas Galzin                    38W100 Creekside Drive
38W100 Creekside Drive               St. Charles, IL  60175
St. Charles, IL  60175

Mary Jo Galzin
38W100 Creekside Drive
St. Charles, IL  60175


MICHAEL OLSKI


By:   /s/James K. Borcia
            One of His Attorneys

James K. Borcia
Bill Katris
Si-Yong Yi
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000

12